UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 7:07-CR-87-BO
No. 7:09-CV-63-BO

| | |
|---|---|
| SHANE MARCUS HUNT, ) | |
| ) | |
| Petitioner, ) | |
| v. ) | O R D E R |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

This matter is before the Court on Petitioner's Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255. For the reasons below, Petitioner's Motion to Vacate is GRANTED IN PART. The Clerk of Court is DIRECTED to vacate and re-enter Defendant's judgment of conviction. With the re-entering of Defendant's conviction, any other outstanding motions filed post-conviction are hereby terminated.

On August 24, 2007, Petitioner pled guilty pursuant to a plea agreement to a Criminal Information charging him with conspiracy to distribute more than five (5) kilograms of cocaine from 2002 to March 28, 2007, in violation of 21 U.S.C. § 846. In the plea agreement, Petitioner waived the right "to appeal whatever sentence is imposed on any ground . . . reserving only the right to appeal from a sentence in excess of the advisory Guideline range that is established at sentencing, and further to waive all rights to contest the conviction or sentence in any post-conviction proceeding, including one pursuant to 28 U.S.C. § 2255, excepting the Defendant's right to appeal based upon grounds of ineffective assistance of counsel . . . not known to the Defendant at the time of the Defendant's guilty plea."

At sentencing, held on April 16, 2008, the Court determined Petitioner was accountable for more than 6,000 kilograms of cocaine, 1.5 kilograms of cocaine base (crack), and 59,875.2 kilograms of marijuana. Additionally, Petitioner received a two-level enhancement for possession of a dangerous weapon, and a four-level enhancement for being an organizer or leader of criminal activity that involved five or more participants or was otherwise extensive. Petitioner was sentenced to three hundred and ninety (390) months.

Petitioner claims he directed his attorney to appeal his sentence. The Government does not contest this claim and requests, "that the court allow petitioner the limited right to file an out of time notice of appeal." D.E. #47, p.9. *See e.g. United States v. Mongold*, 2007 WL 4322293 (4th Cir. Dec. 11, 2007) (unpublished). The Court cannot deny a § 2255 in part, and also grant leave for Petitioner to file an original appeal. *United States v. Glover*, 2010 WL 358572 (4th Cir. Feb. 2, 2010) (unpublished). Therefore, the Clerk of Court is DIRECTED to vacate and re-enter Defendant's judgment of conviction. Petitioner preserves his rights to re-file a new § 2255 at a later date.

IT IS FURTHER ORDERED, that the Federal Public Defender's Office is DIRECTED to appoint counsel to represent Defendant in determining whether to pursue a direct appeal, and in filing a timely notice of appeal, should Defendant decide to exercise his right to appeal his conviction.

SO ORDERED.

This 6 day of July, 2010.

Terrence Boyle
TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE